[S. F. No. 2367. In Bank.—October 13, 1903.]

MATTHEW KILLELEA, JR., by his Guardian ad Litem, Respondent, v. CALIFORNIA HORSESHOE COMPANY, Appellant.

NEGLIGENCE—INJURY TO MINOR SERVANT—ERRONEOUS INSTRUCTION—OMISSIONS—CONTRIBUTORY NEGLIGENCE.—In an action for damages for injury to a minor servant between fifteen and sixteen years of age, an instruction based upon the right of the plaintiff to a verdict which omits necessary qualifications and conditions to entitle the plaintiff thereto, and further omits all reference to the question of contributory negligence, which was a question of fact for the jury under the evidence, is prejudicially erroneous.

ID.—ASSUMPTION OF RISK BY MINOR—DUTY TO USE JUDGMENT—QUESTION OF FACT.—A minor employee with sufficient knowledge of the working of a machine, and of its dangers and defects, and who is old enough to appreciate their nature, assumes the risk of his employment. Minor employees of the plaintiff's age must exercise such judgment and discretion as they possess, considering their years, experience, and ability; and it is a question of fact for the jury whether the plaintiff exercised such judgment as he possessed, or whether his negligence was a proximate contributory cause of the injury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court

W. S. Goodfellow, for Appellant.

In assisting the foreman to adjust the machinery, the plaintiff assumed the risk, and defendant is not responsible. The foreman was acting as a fellow-servant, and not as a principal. (*Crown v. Orr,* 140 N. Y. 456; *McCue v. National Starch Mfg. Co.,* 142 N. Y. 111; *Keenan v. New York etc. R. R. Co.,* 145 N. Y. 190, 195;[1] *Donovan v. Ferris,* 128 Cal. 55;[2] *Donnelly v. San Francisco Bridge Co.,* 117 Cal. 417, 424; *Callan v. Bull,* 113 Cal. 593, 600-603; *Kauffman v. Maier,* 94 Cal. 279; *Burns v. Sennett,* 99 Cal. 363; *Stevens v. Chamberlain,* 100 Fed. 378.) Instruction No. 1 is manifestly

---

[1] 45 Am. St. Rep. 604.                    [2] 79 Am. St. Rep. 25.

erroneous, as eliminating necessary grounds of liability of the defendant. The foreman was not bound to instruct the plaintiff as to a danger which was obvious to the plaintiff. (*Ciriack* v. *Merchants' W. Co.*, 146 Mass. 182.[1])

Sullivan & Sullivan, for Respondent.

It was the duty of the master to furnish a safe place to work and suitable appliances, which was not performed in this case. (*Mullin* v. *California Horseshoe Co.*, 105 Cal. 83; *Tedford* v. *Los Angeles Electric Co.*, 134 Cal. 79; *Foley* v. *California Horseshoe Co.*, 115 Cal. 184;[2] *O'Connor* v. *Golden Gate etc. Co.*, 135 Cal. 537.[3])

McFARLAND, J.—This is an appeal by defendant from a judgment in favor of plaintiff from an order denying defendant's motion for a new trial.

The appellant during all the time mentioned in the complaint was engaged in operating a factory for the manufacture of horseshoes; and on October 21, 1890, respondent was, and for more than a year immediately preceding that had been, in the employ of appellant at its factory. Respondent was employed to operate a punching-machine, by which nail-holes were made in the horseshoes, receiving as compensation for his work a certain sum of money for every hundred shoes punched. It was not his business to repair or adjust the machine when out of order; that was the business of a foreman named Cooney. Respondent was a boy fifteen years and three months old. There were a number of other similar punching-machines in the factory, operated by other boys, and Cooney had control of them in the matter of the work for which they were employed. On the said October 21, 1890, the respondent received certain personal injuries by coming in contact with the said machine; and this action was brought to recover damages for such injuries, upon the theory that they were caused by the negligence of appellant. The action was not brought until nearly six years after the accident, but we do not think that the point made by appellant as to laches is of any avail.

[1] 4 Am. St. Rep. 207.          [3] 87 Am. St. Rep. 127.
[2] 56 Am. St. Rep. 87.

At the time of the accident the machine was not doing good work, and the foreman, Cooney, was sitting in respondent's seat in front of the machine, endeavoring to adjust it. After trying it several times, he either told respondent to shut off the machine or said, "We will have to shut it off." At that time respondent was standing behind Cooney, and there was some evidence, although not very satisfactory, that Cooney told him to go to Cooney's right hand and shut off the machine. It is shut off by moving an iron handle called a "shifter," and thus throwing the belt off the pulley. Respondent took hold of the shifter at Cooney's right hand, when his sleeve caught in the cog-wheel and caused the injury. There was conflicting evidence as to whether the shifter of this particular machine was shorter than the shifters of the other machines, but whether it was or not respondent had been using it as it then was for several weeks. He testified: "I have been working at the place since June, 1889; I was quite familiar with the machine there—the cogwheels, the belt, etc.; I knew just how it was worked;" and in answer to the question, "Did n't you know the danger of coming in close proximity with that wheel, just as much as any one could have told you?" he replied that he did. There is nothing to show that respondent was not as bright and sensible as persons of his age usually are.

The above gives a general notion of the main features of the case. The appellant contends that the court erred to appellant's prejudice by giving to the jury instruction numbered 1, which is as follows: "If you believe from the evidence that on the twenty-first day of October, 1890, plaintiff was ordered by Cooney, acting in the capacity of foreman for the defendant, to shift the belting on the punching-machine at which plaintiff had been working from the tight pulley to the loose pulley, and that at the time such order was given Killelea did not know of and appreciate the danger, if any, attending the attempt to carry out such order, and that by reason of his attempt to obey such order, and the danger, if any, incident thereto, his hand was caught in the cog-wheels of the punching-machine and crushed, then I charge you that the defendant was guilty of negligence, *and plaintiff is entitled to a verdict.*" In our opinion this contention must

be sustained.  The instruction concludes with a direction to
the jury to render a verdict for the plaintiff, if they find
that the things therein stated are true; and it seems clear
that the things therein stated are not sufficient to warrant
such direction.  The instruction simply tells the jury that if
plaintiff when he undertook to shift the belting did not know
and appreciate the danger of such attempt, and was injured,
then plaintiff should have a verdict.  Waiving the question
whether, under the evidence, the court should have told the
jury that they might find that plaintiff did *not* know and
appreciate the danger, if any, still the instruction omits many
things necessary to warrant a verdict for plaintiff.  It omits
all question as to Cooney's authority to give the order, or
whether plaintiff was not properly instructed as to the danger,
if any, or whether plaintiff under the evidence should not
have known the danger, if any, or whether defendant had
furnished safe appliances and a safe place for the special
work which plaintiff was employed to do, or whether the risk
was a usual one of the employment.  But waiving these and
other omissions which might be suggested, the instruction was
erroneous, because it omits all reference to the proposition
of contributory negligence.  It is certainly not the law that
a person between fifteen and sixteen years old cannot pos-
sibly be guilty of contributory negligence.

Respondent relies very strongly on *Foley* v. *California
Horseshoe Co.,* 115 Cal. 184;[1] but in that case, while the dis-
tinction is made between the amount of judgment and discre-
tion to be expected of a youth and that to be expected of an
adult, it is not held that no discretion at all is to be attributed
to the former, and that he cannot be guilty of contributory
negligence.  The court there said: ''Where the ordinary and
usual occupation of a minor is the running or management
of a machine, or is some employment in and about it, and the
minor is shown to have knowledge of the working of the
machine, its dangers or its defects, and where it further ap-
pears that the minor is not of such tender years as to be un-
able to appreciate the nature of the dangers or defects, it is
beyond question the rule, sanctioned by a long line of author-
ity, that he takes upon himself, as will an adult under the

[1] 56 Am. St. Rep. 87.

same circumstances, the perils and risks of his employment; and that if injured in the course thereof, he may not look to his employer for compensation;'' and again, ''These matters, and the further question whether the minor duly exercised such judgment as he possessed, must therefore, as a rule, be left as considerations of fact for the jury's determination;'' and again, ''It must, from the nature of the case, be a question of fact for the jury rather than of law for the court to say whether or not, in the performance of a given task, the child duly exercised such judgment as he possessed, taking into consideration his years, his experience, and his ability.'' In the Foley case the plaintiff had been directed to screw on a bolt in the rear part of the machine at a dangerous place, a work which he was not accustomed to do and did not know how to do until instructed at the time by the foreman; and while thus engaged the machine suddenly started and he was injured. The question involved did not arise on instructions; the real question was whether he was guilty of contributory negligence under the circumstances of the case, which question was not taken away from the jury. The only instruction passed on is quoted on page 195 of 115 California Reports, and that instruction is wholly unobjectionable. Employees of the age of plaintiff must exercise such judgment and discretion as they possess; and employers are not subject to the rule that when they employ such persons they do so upon the theory that a minor has no judgment, discretion, or sense at all, and that the employer is responsible for any accident that may occur under any circumstances whatever. In the case at bar there was certainly evidence to the point that plaintiff was fully acquainted with the construction of, and dangers naturally incident to, the running of the machine, which he had operated for more than a year, including, of course, the process of starting and stopping it by moving the shifter. Under these circumstances it should have been left to the jury to determine whether or not the negligence of the plaintiff was the proximate contributory cause of the injury. That the instruction was prejudicial to appellant is too obvious for discussion. For the giving of that instruction, therefore, the judgment and order must be reversed.

We do not think it necessary to definitely pass upon other

points made by appellant. The main contentions as to other matters are, that the court erroneously refused to give various instructions asked by appellant; but while those instructions seem to aim at some principles which are perhaps in the abstract correct, we cannot say that any one of them, as constructed and presented, was unobjectionable.

The judgment and order appealed from are reversed.

Lorigan, J., Angellotti, J., Van Dyke, J., Henshaw, J., Shaw, J., and Beatty, C. J., concurred.