[Sac. No. 2231.    Department One.—October 6, 1916.]

# CHARLES O. HUMPHFRES, Respondent, v. WESTERN PACIFIC RAILWAY COMPANY (a Corporation), Appellant.

Negligence—Railroad — Permanent Structure in Dangerous Proximity to Track—Instruction — Liability of Company.—In an action by a fireman on a railroad train to recover damages for personal injuries caused by the alleged negligence of the railroad company in maintaining a permanent sign-board so close to its track that it collided with the plaintiff while the train was in motion, it was proper to instruct the jury, where the accident occurred at the time the Roseberry Act (Stats. 1911, p. 790), was in force, that "an employee, injured by the defective or unsafe character or condition of any machinery, ways, appliances, or structures of such employer, shall not be barred to recovery for injury or death caused thereby unless it shall also appear that such employee fully understood, comprehended, and appreciated the dangers incident to the use of such defective machinery, ways, or structures, and therefore consented to use the same or continued in the use thereof."

Id.—Assumption of Risk—Contributory Negligence.—Such instruction was not prejudicial to the defendant, notwithstanding no issue had been raised that the plaintiff had assumed the risk of the hazard, nor did it tend to convey the impression that the plaintiff was not guilty of contributory negligence, or that the jury should not find him negligent, unless he fully understood, comprehended and appreciated what the result of his own act would be.

Id.—Unsafe Condition of Way.—A too close proximity of a permanent station sign-board to the track constitutes a defective or unsafe character or condition of the track or way.

Id.—Notice to Employee of Dangerous Proximity of Structure—Evidence.—In such action evidence was admissible to the effect that the plaintiff had not been warned of the nearness of the sign-board to the track, or instructed as to its dangerous proximity. Such evidence was material to the issue raised by the defendant in its denial of plaintiff's claim of lack of knowledge of the proximity of the sign-board, and the affirmative allegation of the answer that the plaintiff knew of its presence and location, as well as to the defense of contributory negligence.

Id.—Safe Place to Work—Duty of Railroad.—A railroad company must so construct its roads and structures, and so protect the ways and provide proper appliances, that its employees will have a reasonably safe place to do their work.

ID.—INSTRUCTIONS—DUTY TO USE ORDINARY CARE.—It was proper in such action to instruct the jury to the effect that it is the duty of a railway company to use ordinary care to see that its tracks are not in such close proximity to other structures as unnecessarily to endanger its servants and the employees engaged in the discharge of their duties upon trains passing along such tracks, and that it was actionable negligence on its part to fail so to do.

ID.—FAILURE BY COMPANY TO OBSERVE RULES—INSTRUCTIONS—ABSENCE OF PREJUDICE.—An instruction that "the violation by an employing company of a reasonable rule which it has made, where such violation results in an injury to an employee, is as much negligent conduct as a violation of the rule by the employee would be," and a further instruction "that a system of rules adopted by the master for the conduct of a complicated business, such as operating a railroad, when brought to the knowledge of the employee, forms a part of the contract of hiring, and becomes binding on both master and servant, and the violation thereof, to the injury of the servant by the master, is as much an act of negligence as if the servant violates them," are without prejudice, where the particular rule of the company that was violated by it required structures beside the track to be at least eight feet therefrom, and the uncontradicted evidence showed that the sign-board causing the accident was located just fifty-five inches from the track and had remained in that position for a year, and that the injured employee had not been warned regarding its dangerous proximity.

ID. — CONTRIBUTORY NEGLIGENCE — COMPARATIVE NEGLIGENCE OF EMPLOYER AND EMPLOYEE.—It was proper in such action to instruct the jury that plaintiff's contributory negligence, if any, "shall not bar a recovery where and if his contributory negligence was slight and that of the employee was gross in comparison; but the damages may be diminished by the jury in proportion to the amount of such negligence attributable to such employee." It was not necessary to further instruct the jury in proportion to *what* the damages are to be diminished, that is, whether in proportion to the negligence of the employer or to the total negligence of the plaintiff and defendant combined.

APPEAL from a judgment of the Superior Court of Yuba County, and from an order refusing a new trial.    Eugene P. McDaniel, Judge.

The facts are stated in the opinion of the court.

Warren Olney, Jr., W. H. Carlin, and Alexander R. Baldwin, for Appellant.

E. J. Talbott, and Wallace Dinsmore, for Respondent.

LAWLOR, J.—The plaintiff was injured while performing his duties as a fireman on one of the defendant's freight trains, and brought this action to recover damages. His claim for damages is based upon the alleged negligence of the defendant railway company in maintaining a sign-board so close to its track that it collided with him while the train was in motion, and caused the injuries complained of. The defendant denied the material allegations of the complaint and pleaded contributory negligence on the part of the plaintiff in that he knew of the location of the sign-board, "but notwithstanding such knowledge he carelessly and negligently extended and protruded his body and head out of the locomotive upon which he was riding, . . . and as a result . . . came in contact with said sign-board to his injury." The verdict was in plaintiff's favor. The defendant appeals and seeks a reversal of the judgment, and the order denying its motion for a new trial, principally upon the ground of certain alleged erroneous instructions which were given to the jury.

The accident occurred on October 13, 1911, at which time the Roseberry Act (Stats. 1911, p. 796) was in force, but the parties had not elected to come under its compensatory provisions. The record discloses the following facts: While making a run from Stockton to Oroville on one of the defendant railway company's freight trains, plaintiff, who was employed as a fireman, was directed by the engineer to care for a hot box which had developed on the truck of the tank of the locomotive on the left-hand side. In order to cool the hot box a hose was inserted into the box and water allowed to run on the heated bearing or axle. It was plaintiff's duty to keep a lookout to see that the hose remained in position and that the water continued to run upon the axle during the time that the train was in motion. To do this, plaintiff, at times, grasped the handholds of the cab and tender of the engine and leaned out so as to be able to look under the tender, the better to see the box. While he was thus engaged, the train was traveling at about the rate of thirty miles per hour in an easterly direction and approaching a flag station in Yuba County, known as "Oso." There was no station or depot at that point, the defendant's trains stopping there only when it was necessary to take on or let off passengers or load or discharge freight. A sign-board, however, had been erected by one of the shippers at that point, with the acquiescence of

the defendant, nearly a year prior to the time of the accident, for the purpose, as testified, "of familiarizing the trainmen with the place so they would know where Oso was." The sign-board consisted of a horizontal board about eighteen inches in length, nailed to a perpendicular post or scantling, and bore the name "Oso." It was located so that its inner edge was just fifty-five inches from the nearest rail of the track upon which the freight train was approaching—that is, about twenty-four to twenty-six inches from the side of a locomotive if standing opposite it upon the track. The train upon which plaintiff was employed had no orders to stop at Oso. As to what took place as the train neared the said station may be gathered from the testimony of plaintiff: "I looked around and see the hose was down out of the faucet. That was after we got across the bridge. I got down and put the faucet back up and puts the hose back up to the faucet and got hold of the handholds, one on the cab and one on the tank, and stretched my head out to look down there at the box, and when I was doing this, this board struck me in the head. What went on after that, I know nothing about." The engineer testified that at this point he "saw a flash and the fireman was off." The train was brought to a stop and plaintiff was found lying twenty feet down an embankment, in the neighborhood of one hundred and twenty or two hundred feet beyond the sign-board. His hat was picked up about twenty feet east thereof, while, commencing about fifty feet from the post, a trail of blood and broken weeds marked the course through which he had rolled. The board, itself, was found to be freshly split and twisted out of shape. It is the theory in support of the plaintiff's case that he was struck by this board and thus received the severe injuries to his skull, spine, and other portions of his body complained of. As the verdict was in his favor, it must be presumed that this was also the conclusion of the jury.

1. The court instructed the jury that, "an employee, injured by the defective or unsafe character or condition of any machinery, ways, appliances, or structures of such employer, shall not be barred to recovery for injury or death caused thereby unless it shall also appear that such employee fully understood, comprehended, and appreciated the dangers incident to the use of such defective machinery, ways, or structures, and therefore consented to use the same or continued

in the use thereof." This instruction is substantially similar to the language of the Civil Code. (Sec. 1970.) It is contended by the defendant that such an instruction was inapplicable, because no allegation had been made that plaintiff had assumed the risk of the hazard, and that, in any event, by the provisions of the Roseberry Act the doctrine of the assumption of risk was not available as a defense. (Stats. 1911, p. 796.) But we are unable to see in what way the giving of the instruction was prejudicial to the defendant, for the doctrine of the assumption of risk is a limitation on the right of the injured employee to recover for injuries he may suffer in the course of his employment. The instruction, when considered with respect to the other instructions, and the facts to which it was to be applied, could not have misled the jury to the prejudice of the defendant.

The defendant also attacks the instruction upon the ground that it was improper for the reason that the proximity of the sign-board to the track did not constitute a defective or unsafe character or condition of the track or way. In support of its contention the defendant relies upon the case of *Kansas City, M. & B. Ry. Co.* v. *Burton,* 97 Ala. 240, [12 South. 88]. But in that case the court merely holds that an obstruction temporarily near the track does not constitute a defect in the way. The obstruction here constituted an inherent condition of the way which was essentially of a permanent nature. The Alabama authority is therefore not in point.

Nor do we think the instruction tends to convey the impression that the plaintiff was not guilty of contributory negligence, or that the jury should not find him negligent "unless he fully understood, comprehended, and appreciated what the result of his own act would be." The instruction does not purport to be a complete statement of the law upon which the plaintiff may recover. When read in connection with the many instructions covering contributory negligence, we find the jury was fairly instructed as to the test of contributory negligence—what a prudent man in the exercise of due care would have done under similar circumstances. *Killelea* v. *California Horseshoe Co.,* 140 Cal. 602, [74 Pac. 157], and *Pierce* v. *United Gas and Electric Co.,* 161 Cal. 176, [118 Pac. 700], relied upon by the defendant, are not based upon instructions similar to the one under consideration. The instructions before the court in those cases concluded with a

*direction* to the jury to render a verdict for the plaintiff in the event that the things stated were found to be true.

Evidence was admitted, over the defendant's objection, to the effect that the plaintiff had not been warned of the nearness of the sign-board to the track, or instructed as to its dangerous proximity. This evidence was properly admitted. It was material to the issue raised by the defendant in its denial of plaintiff's claim of lack of knowledge of the proximity of the sign-board, and the affirmative allegation of the answer that the plaintiff "knew of its presence, its location, and existence as herein alleged," as well as to the defense of contributory negligence.

2. Instructions Nos. 2, 3, and 4 read as follows:

"2. The court instructs the jury that it is the duty of a railway company to use ordinary care to see that its tracks are not in such close proximity to other structures as unnecessarily to endanger its servants and the employees who may be engaged in the discharge of their duties upon trains or cars passing along such tracks.

"3. It is actionable negligence on the part of a railway company to suffer obstructions to remain so near their tracks that their trainmen, engaged in their ordinary duties, are liable to come in contact with them and be killed or injured while in the exercise of due care.

"4. A railroad company is in duty bound to place its signal posts, telegraph poles, cattle-guard fences, and other structures used in connection with the road at a safe distance from the track, to the end that they will not be dangerous to those engaged in operating its trains."

These instructions are founded upon the principle that a railway company must so construct its roads and structures, and so protect the ways and provide proper appliances, that its employees will have a reasonably safe place to do their work. The law, thus covered by the instructions, is supported by numerous authorities. (*Chicago & Iowa R. R. Co.* v. *Russell,* 91 Ill. 298, [33 Am. Rep. 54] ; *Murphy* v. *Wabash Ry. Co.,* 115 Mo. 111, [21 S. W. 862] ; 4 Thompson on Negligence, secs. 4253, 4280; 3 Elliott on Railroads, sec. 1269; 26 Cyc. 1112.) But the defendant contends that, by these instructions, the court has invaded the province of the jury in the determination of the facts, and has, in effect, directed it to find that the maintenance of a sign-board fifty-five inches

from the track was actionable negligence, "even though the plaintiff was not actually injured by the sign-board." We do not so read the instructions. They seem to us to go no further than to state the principles of law defining the responsibilities of the defendant railroad company in the premises, and declaring the duty which it owed to plaintiff. It was proper for the jury to know and understand the law in this regard, and necessary that it should be so instructed as to enable it to fully determine the issues presented by the plaintiff's case. But, as for the facts to which the instruction was to be applied, the jury was left to draw its own conclusions—that is to say, the jury was bound to determine whether the plaintiff was, as a matter of fact, struck by the board, whether the board was so near the track that trainmen engaged in their ordinary duties and exercising due care were liable to come into contact with it, whether it was a safe distance from the track, whether the failure of the defendant to perform its duty in providing a safe right of way was the proximate cause of plaintiff's injury, and other facts which, under the instructions, were material to his recovery. We find no error in the instructions.

4. By instructions Nos. 7 and 8 the court charged the jury as follows:

"7. You are hereby instructed that the violation by an employing company of a reasonable rule which it has made, where such violation results in an injury to an employee, is as much negligent conduct as a violation of the rule by the employee would be.

"8. You are instructed that a system of rules adopted by a master for the conduct of a complicated business, such as operating a railroad, when brought to the knowledge of the employee, forms a part of the contract of hiring, and becomes binding on both master and servant. The violation thereof, to the injury of the servant by the master, is as much an act of negligence as if the servant violates them."

One of the rules imposed a duty upon the plaintiff to inform himself as to the proximity of the sign-board to the track. This rule, No. 366, is as follows: "Employees are required to look after their own safety and to exercise caution to avoid injury to fellow-employees, and must inform themselves respecting the location and clearance of all structures or obstructions (including mail-cranes, water-cranes, bridges

and tunnels) along the line that will not clear them when on the top of cars or side of cars or engines." According to rule No. 383, the sign-board should not have been as near as fifty-five inches from the track. The rule reads, in part: "No building or structure should be allowed nearer than eight feet of the rail of main track, nor nearer than six feet of the rail of any side track. Any violation of this regulation must be at once reported to the superintendent." It is not contended that either of these rules is unreasonable, but it is claimed that the question whether a violation of a rule by an employer constitutes negligence is solely for the determination of the jury (citing *Smithson* v. *Chicago G. W. Ry. Co.,* 71 Minn. 216, [73 N. W. 853]; *McKernan* v. *Detroit etc. Ry. Co.,* 138 Mich. 519, [68 L. R. A. 347, 101 N. W. 812]; *Fonda* v. *St. Paul City Ry. Co.,* 71 Minn. 438, [70 Am. St. Rep. 341, 74 N. W. 166]), and that, likewise, it was the province of the jury and not that of the court to compare the negligence of the parties. The court in other instructions fully covered the rule, which is not questioned by counsel for the defendant, that where an employer adopts reasonable rules which are brought to the knowledge of the employee, such rules constitute an element of the contract of hiring, disregard of which on the part of the employee will preclude his recovery for injuries sustained. (*Hodshire* v. *Corn Products Refining Co.,* 179 Ill. App. 529; 26 Cyc. 1162; 3 Elliott on Railroads, secs. 1280, 1282.) As the court puts it in instruction No. 21: "After having been given a copy of such rules, it was the duty of plaintiff to familiarize himself with the provisions of said section and to comply with and conform to the same. This was a duty owed by him to defendant by virtue of his employment, and if he failed so to do, such failure was a violation of the duty he owed to defendant, and if such violation contributed directly to the accident out of which plaintiff claims to have received his injuries, then plaintiff was guilty of contributory negligence."

But it is not necessary for us to pass upon the general question whether the mere violation by a railroad company of a rule which it has promulgated for the protection of its employees, where the violation results in injury to such employee, constitutes negligence. In the giving of instructions Nos. 7 and 8, no prejudice could possibly have resulted to the defendant company except as the instructions applied to the

particular rules of the company which were admitted in evidence. Examining these rules, we find that the jury could not have found against the defendant on the ground that the violation of the rules was negligence *per se* except in the case of rule No. 383. Applying instructions Nos. 7 and 8 to this rule, it must be admitted that the jury was, in effect, instructed that the railroad company was negligent in permitting the sign-board to be located just fifty-five inches from the track, instead of eight feet, as provided in its rule. It was part of the plaintiff's duty to watch the hot box while the locomotive was in motion. Assuming that the rule was brought to the knowledge of the plaintiff, as the jury was directed to find before it could apply the law embraced in the instructions, it became part of the contract of hiring. (See *Louisville, N. A. & C. Ry. Co.* v. *Heck*, 151 Ind. 292, [50 N. E. 988, 991]; *Central Ry. Co.* v. *Young*, 200 Fed. 359 [118 C. C. A. 465].) The plaintiff had a right to rely upon the rule and to go about his work on the locomotive with full assurance that no structures were close enough to the track to imperil his safety. Had the company enforced the provisions of the rule, the clearance between the sign-board and the sides of a passing locomotive would have been at least sixty-seven inches. The actual distance was twenty-six inches. Moreover, as testified by Jacob P. Ebert, one of the defendant's witnesses, the sign-board had been erected in that position for about a year prior to the accident. The defendant must, therefore, be charged with knowledge that rule No. 383 was being violated. The situation is then presented of the company not only having knowingly violated a rule which it promulgated and, excepting in this case, presumably enforced for the protection of its employees, and upon which the plaintiff had a right to rely, but such violation actually endangered the lives and safety of its employees and brought harm to the plaintiff, who, according to his uncontradicted testimony, had not been warned regarding the dangerous proximity of the sign-board. This, in itself, is sufficient to constitute negligence on the part of the defendant. It is therefore our opinion that whatever error was contained in the instructions was harmless under the facts of the case.

5. Instruction No. 10 is also complained of. It was to the effect that plaintiff's contributory negligence, if any, "shall not bar a recovery therein where and if his contributory negligence was slight and that of the employer was gross in

comparison; but the damages may be diminished by the jury in proportion to the amount of such negligence attributable to such employee.'' This language is substantially similar to section 1 of the Roseberry Act. The defendant points out that ''the court does not tell the jury in proportion to *what* the damages are to be diminished; that is, whether it is in proportion to the negligence of the employer or the total negligence of the plaintiff and defendant combined.'' The latter construction has been adopted in the United States supreme court, where a similar provision in the Federal Employers' Liability Act was construed. (*Norfolk & Western Ry. Co.* v. *Earnest,* 229 U. S. 114, [Ann. Cas. 1914C, 172, 57 L. Ed. 1096, 33 Sup. Ct. Rep. 654].) But that case turned upon the point that the trial court after stating the general rule, as was done in the instant case, added that the negligence of the plaintiff diminished the damages ''in proportion to his negligence as compared with the negligence of the defendant.'' As the court said in that case: ''But for the use in the second instance of the additional words 'as compared with the negligence of the defendant,' there would be no room for criticism.'' This case is followed in *Nashville C. etc. Co.* v. *Banks,* 156 Ky. 609, [161 S. W. 554], which is cited by the defendant, where the court, however, apparently overlooking the language just quoted, assumes that it is error for the court to fail to add that the damages should be apportioned to the combined amount of negligence attributed to plaintiff and to defendant. We are not disposed to follow this latter authority. The instruction as given by the trial court corresponds to the words of the statute, and is, in our opinion, sufficiently definite.

6. The defendant complains of instruction No. 5 on the ground that it informs the jury that the plaintiff is entitled to recover ''for all damages which he has suffered . . . and for all damages for detriment resulting, . . . thus entirely doing away with the diminution of damages on account of contributory negligence.'' But when read in connection with the other instructions there is nothing in the language of the instruction by which the jury could have been misled.

Judgment and order affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.